IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:06-CR-55-WKW |
| | ) | |
| MARK ANTHONY CONNELL | ) | |

**ORDER ON MOTION**

Based on the evidence at the scheduled revocation hearing this day, the court concludes that the *Petition*, construed as a *Motion* (Doc. 23, Aug. 3, 2006), for revocation of the pre-sentence release ordered by this court for the Defendant, Mark Anthony Connell ("Connell"), incident to his guilty plea entered herein on June 19, 2006, is due to be GRANTED.

**I.**

Testimony from Cleburne County sheriff's investigator Dennis Green and Chief Deputy Tim Gossage established relevant facts arising from the defendant's arrest on July 31, 2006, and his release on August 1, 2006, on a $20,000 bond on the charge of "possession of controlled substances." This arrest by the Cleburne Co. sheriff is the sole basis for the probation officer's averred belief that Connell has violated the following condition of release:

> Condition no. 1: The defendant shall not commit any offense in violation of federal, state or local law while on release in the pending case.

On July 28, 2006, Chief Deputy Green provided a requested "safety escort" to a Department of Human Resources caseworker investigating the reported use of drugs in the presence of children at the Connell residence. Connell was not found at the residence. No evidence contradicted officers' testimony, however, that Connell owned the residence, that one of his sons resided with him, or that he occupied – with one of the three adult females found at the premises – the bedroom in

which officers, acting pursuant to a search warrant, found methamphetamine inside a metal box located in a luggage underneath the bed. The box contained approximately 12 to 13 grams of methamphetamine along with digital scales and "baggie" plastic bags, and the luggage contained only men's clothes. In another bedroom which appeared to be occupied by juveniles, officers found a partially smoked cigarette rolled with suspected marijuana.

## II.

The evidence does not establish that Connell has committed an offense although it does present sufficient probable cause for his arrest. What is clearly and indisputably established is Connell's violation of two pre-trial release conditions set for him on April 18, 2006, and continued as conditions of his pre-sentence release after his guilty plea:

Condition 7(p): "refrain from any use or unlawful possession of narcotic drug and other controlled substances."

Condition 7(v): "refrain from possession of any type of drug paraphernalia."

Revocation of pre-sentence release is warranted.

It is, therefore, **ORDERED** that *the Motion* (Doc. 23) for revocation of pre-sentence release is **GRANTED,** and the Defendant is remanded to the custody of the United States Marshal pending sentencing.

Done this 14th day of August, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE